IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY L. HUTCHINSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:25-cv-00779 |
| | § | |
| FRANKLIN CREDIT | § | |
| MANAGEMENT CORP. AND | § | |
| KENSINGTON. LLC, | § | |
|     Defendants. | § | |

## DEFENDANT THE KENSINGTON STATION LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND MOTION TO DISMISS WITH PREJUDICE PURSUANT TO F.R.C.P. 12(b)(6)

NOW COMES, Defendant, Kensington Station LLC ("Kensington"), by and through the undersigned counsel, and hereby opposes Plaintiff's Motion to Remand. (Plaintiff's Motion to Remand, Doc. No. 8) and further moves the Court, pursuant to F.R.C.P. 12(b)(6), to dismiss all claims against it with prejudice. Plaintiff Anthony L. Hutchinson failed to allege facts supporting a plausible right to relief against Kensington.

### I.   PROCEDURAL BACKGROUND

1. Plaintiff filed suit in the 127th District Court of Harris County, Texas on January 30, 2025.

2. Order granting a Temporary Restraining Order was signed on January 31, 2025 without notice to Defendant Kensington.

3. Order extending Temporary Restraining Order was signed by the 125th District Court on February 13, 2025 without notice to Defendant Kensington.

4. Defendant Kensington filed Motion to Dissolve Temporary Restraining order on February 14, 2025. Motion was denied by the Ancillary Court on February 19, 2025.

5. On February 21, 2025 case was removed to this federal court by Defendant Franklin.

6. On February 24, 2025 Plaintiff filed a Motion to Nonsuit with Prejudice and Remand,

without notice to Defendant Kensington despite representing in its certificate that it had served the undersigned counsel for Defendant Kensington.

## II.   WAIVER OF RIGHT TO REMAND

7. Plaintiff, by its conduct in federal court, waived the right to have the case remanded to State court. A Plaintiff can waive his/her/its' rights to remand by participating in Federal District case proceedings after removal when they do not object to removal and a portion of the case goes to final judgment. *Lanier v. Am. Bd. of Endodontics*, 843 F.2d 901, 905 (6th Cir. 1988) 241; *See Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990). Specifically, Plaintiff filed a motion for non-suit with *prejudice,* which acts to become a dismissal with prejudice and final judgment as it relates to any possible claims against Defendant Franklin Credit Management Corp.

8. Additionally, Defendant at no point after removal of the case objected to removal at any point based on the reasons stated in Defendant Franklin's removal. Specifically, that joinder of Defendant Kensington was improper as no claims or causes of action were alleged against Defendant Kensington. In its Non-suit with Prejudice and Motion for Remand, Plaintiff states no objections to the initial removal. Plaintiff can waive their objections to procedurally improper removals by failing to raise their objections in a timely manner. In such instances, federal courts are entitled to reject subsequent remand motions. Whether the basis of the Court's decision is the untimeliness of objections (or absence of objections) to removal or whether the court finds the decision is dictated by considerations of finality, efficiency, and economy, the court has the authority to deny the motion for remand.

9. In the instant case in addition to Plaintiff failing to object to removal, the considerations of finality, efficiency, and economy dictate that the remainder of the case against Kensington be dismissed with prejudice rather than being remanded to state court for determination of the same since after dismissing all claims against Defendant Franklin, there is no remaining cause of action pled against Kensington as further clarified below.

### III. STANDARD OF REVIEW

10. Federal Rule of Civil Procedure 12(b)(6) provides that dismissal is required when the allegations fail to state a claim upon which relief may be granted. The Court has authority to dismiss a suit for failure to state a claim upon which relief can be granted if the plaintiff's factual allegations do not show a right to relief is plausible and rise above mere speculation or if the plaintiff's factual allegations raise no cognizable legal theory for which they can recover. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

11. To survive a Rule 12(b)(6) dismissal motion "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

12. To be certain, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned, the-defendant- unlawfully-harmed-me accusation. *Id*. In other words, a plaintiff must plead specific facts, not mere conclusory allegations, unwarranted factual inferences, or legal conclusions, none of which the court must accept as true. *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

### IV. ARGUMENTS & AUTHORITIES

**A.  Plaintiff's suit against Kensington—no matter how styled, termed, or spun – contains no cause of action against Kensington and no facts to support any of the causes of actions alleged against Defendant Franklin could succeed against Kensington**

13. Plaintiff lists Kensington Station LLC ("Kensington") as a named defendant. See Petition at ¶2.03. However, Plaintiff does not allege any claims against it. Accordingly, there is no valid cause of action against Kensington and the court should dismiss all claims against Kensington

with prejudice.

14. Plaintiff only seeks equitable relief enjoining Kensington from pursuing its eviction on the Property. See Petition at ¶8.01. The Petition does not contain any direct allegations against Kensington.

15. Under Texas law, "[a] request for an injunction is a request for 'an equitable remedy, not a cause of action.'" Garcia v. Deutsche Bank Trust Co. Ams., No. 1:18-cv-075, 2018 U.S. Dist. LEXIS 141727 *5 (S.D. Tex. July 19, 2018) (Tortya, M.J.), adopted by, 2018 U.S. Dist. LEXIS 141774 (S.D. Tex. Aug. 21, 2018) (Olvera, J) (quoting Brittingham v. Ayala, 995 S.W.2d 199, 201 (Tex. App.—San Antonio 1999, pet. denied)). "To sustain a claim for injunctive relief, a plaintiff must first plead a viable underlying cause of action." Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002)); see also Bejjani v. Wilmington Trust Co., No. H 10-2727, 2011 U.S. Dist. LEXIS 93580 *20 (S.D. Tex. Aug. 22, 2011) ("A request for injunctive relief, absent another successful legal cause of action, is fatally defective and does not state a claim."). Even viewing the Petition in a light most favorable to Plaintiff, it does not contain a valid cause of action against Kensington. Instead, it contains mere requests for relief, which is not sufficient to support any cause of action. Accordingly, there is no valid cause of action against Kensington and the court should dismiss all claims against Kensington with prejudice.

16. A remedy is not a cause of action – a remedy is what flows from a successful cause of action. See Martinez v. Ocwen Loan Servicing, LLC, No. 1:17-cv-00106, 2018 U.S. Dist. LEXIS 46503 *4 (S.D. Tex. Feb. 2, 2018) (Tortya, M.J.), adopted by, 2018 U.S. Dist. LEXIS 46293 (S.D. Tex. Mar. 20, 2018) (Olvera, J). Plaintiff has failed to state a recognized cause of action and the facts to support the elements of that claim, and thus he cannot survive a Rule 12(b)(6) motion. See Henrise v. Horvath, No. 01-10649, 2002 U.S. App. LEXIS 28192, at *12 (5th Cir. Jun. 28, 2002); Saenz v. Specialized Loan Servicing LLC, No. 7:15-CV-294, 2015 U.S. Dist. LEXIS 185337 *4 (S.D. Tex. Oct. 6, 2015) (Crane, J); see also Doe v. Silsbee Independent

School Dist., 402 Fed.Appx. 852, 853 (5th Cir. 2010). Plaintiff's naked request to stop Kensington's pursuit of its forcible detainer action without identifying a recognized cause of action, the element such cause of actions, and the facts to support each of these elements necessarily means that Plaintiff has failed to state a claim against Kensington and thus any phantom claims against Kensington should be dismissed with prejudice.

**B.    Plaintiff's Causes of Action cannot be pursued Against Kensington as a Foreclosure Sale Purchaser**

17.    Plaintiff claims that Defendant Franklin wrongfully foreclosed on his property by failing to notify the senior lienholder. (See Petition at ¶4.01). Based upon these allegations, Plaintiff asserts claims for (1) wrongful foreclosure; (2) trespass to try title; (3) violation of Texas Property Code §51.002; and (4) violation of Texas Finance Code §§156 & 343.106. Id. at ¶¶7.01-7.18. If we were to assume that Plaintiff is pursuing the same claims against Defendant Kensington, then even viewing the Petition in a light most favorable to Plaintiff, it does not contain a valid cause of action against Kensington.

18.    On or about May 28, 2020, Plaintiff first filed suit against Franklin Credit Management Corporation under Cause Number 2020-32103 which was removed to Federal Court under Civil Action No. 4:20-CV-2198. On April 8, 2022, the Court Dismissed the case with Prejudice and in its opinion the Court iterated that the Junior Lien by Franklin Credit Management Corp was not extinguished when the foreclosure sale under a superior lien was rescinded. Then again on July 05, 2022, Plaintiff filed suit against Franklin Credit Management Corporation _again_ in Harris County District Court, Texas again to avoid a foreclosure of Defendant Franklin's Deed of Trust lien. The case was thereafter removed to the United States District Court for the Southern District of Texas, Houston Division under Civil Action No. H-22-2294. On August 10, 2022, the court issued a final Order Dismissing the case with Prejudice and issued a separate Memorandum Opinion addressing Plaintiff's arguments concerning title to property and rights responsibilities of

junior lienholders.

19. Concerning Plaintiff's claims for Wrongful Foreclosure, violations of the Texas Property Code §51.002; and violations of Texas Finance Code, Kensington has no part in the foreclosure process or the underlying junior lien loan held by Franklin. Kensington was not involved in any way in foreclosing on the property except as a foreclosure sale purchaser. Furthermore, Plaintiff has failed to establish any cause of action for trespass to try title as the deficiencies Plaintiff alleges in its petition concerning the extinguishment of the foreclosed lien and its junior lien position have previously been litigated in Plaintiff's previous suits against Franklin Credit Management Corp. Specifically, collateral estoppel, or issue preclusion, prevents the re-litigation of a fact issue already resolved in a prior suit. *Barr*, 837 S.W.2d at 628; *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984). "The doctrine of collateral estoppel . . . is designed to promote judicial efficiency, protect parties from multiple lawsuits, and prevent inconsistent judgments by precluding the re-litigation of issues." *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 801 (Tex. 1994) (citing *Lytle v. Household Mfg. Inc.*, 494 U.S. 545, 553, 110 S. Ct. 1331, 1337 (1990)).

20. The United States District Court – Houston Division found that Plaintiff's arguments were without merit as Plaintiff states in his petition the secondary lien was not extinguished when the first lien was reinstated as Plaintiff acknowledges in his Original Petition. Plaintiff further attempts to blur the line between lienholder and titleholder/ownership. Plaintiff argues that because a senior lien existed on the property that he has a claim to title and ownership, however, under Texas law liens and title are not intertwined and a lienholder has not claims to title. Furthermore, even if we were to assume that a lienholder had rights to ownership, as Plaintiff clearly states in his petition, Plaintiff was not a lienholder.

21. Accordingly, there is no valid cause of action against Kensington and the court should dismiss all claims against Kensington with prejudice.

## V.     CONCLUSION & PRAYER

22.     For these reasons, Kensington opposes a remand to state court and asks the court to proceed with a 12(b)(6) analysis as Plaintiff has failed to state a claim upon which relief may be granted against Kensington. Accordingly, Kensington asks that this Court grant its Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) and that Plaintiff's claims against it be dismissed in their entirety and with prejudice. Kensington further asks for all additional relief, including costs and attorney's fees, as it may be entitled to at law or in equity.

Respectfully submitted,

LAW OFFICES OF SAL MOMIN, P.L.L.C.

By:     */s/ Sal Momin*
SAL MOMIN
State Bar No: 24074742
Fed. No: 115116
12750 S. Kirkwood, Suite 100
Stafford, TX 77477
Telephone: (281) 201-2682
Facsimile: (281) 402-3670
E-mail: sal@MominLawOffices.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

    I certify that on March 11 2025, the foregoing Defendant's Response In Opposition To Plaintiff's Motion To Remand And Motion To Dismiss With Prejudice were served on all counsel of record via electronic service pursuant to the Federal Rules of Civil Procedure.

                                          ***/s/ Sal Momin*_____**
                                          Sal Momin