IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **ANTHONY HUTCHISON** | § § § | |
| *Plaintiff,* | § § § § | |
| VS. | § § § § | CASE NO. 4:25-cv-00779 |
| **FRANKLIN CREDIT MANAGEMENT CORP and KENSINGTON STATION, LLC** | § § § § | |
| *Defendants* | § | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND AND MOTION TO DISMISS WITH PREJUDICE**

COMES NOW, ANTHONY HUTCHISON, PLAINTIFF, by and through the undersigned counsel, submits his reply to the Defendant's response in opposition to Plaintiff's motion to remand and motion to dismiss with prejudice.

### Introduction

The Plaintiff respectfully submits this reply to the Defendant's response in opposition to the motion to remand and motion to dismiss with prejudice. The Plaintiff asserts that the federal court lacks subject matter jurisdiction over the remaining claims and the remaining defendant, and therefore, the case must be remanded back to the state district court. Additionally, the Plaintiff timely filed the motion to nonsuit Defendant Franklin and for the Court to remand the remaining claims and Defendant back to district court. Under Rule 41(a) of the Federal Rules of Civil Procedure, a plaintiff may voluntarily dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared.

1

## Plaintiff's Right to Remand

A Plaintiff does not waive their right to remand a case back to district court if they do not object to the initial removal to federal court nor does a Plaintiff automatically lose their right to remand a case if they non-suit the diverse defendant from the case.

Under Texas law, a Plaintiff has an absolute and unqualified right to take a non-suit upon timely motion, provided the defendant has not made a claim for affirmative relief *Greenberg v. Brookshire*, 640 S.W.2d 870. However, the implications of such a non-suit on the right to remand depend on the procedural posture of the case and the timing of the non-suit.

Plaintiff's counsel filed the motion to nonsuit with prejudice and remand on February 24, 2025, just three days after receiving notice that Defendant Franklin filed its notice of removal.

Additionally, § 1441 Removal of civil actions provides that if a civil action includes both federal and state law claims, the district court shall sever and remand the state law claims to the state court if they are not within the original or supplemental jurisdiction of the district court § 1441 Removal of civil actions. This indicates that certain claims may still be remanded even if the plaintiff did not initially object to the removal.

To date the Defendant Kensington has not filed an answer in this case before this honorable court or the district court.

## Legal Standard for Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's statutory or constitutional power to adjudicate a case *In re Marriage of Marsalis*, 338 S.W.3d 131, *Credigy Receivables v. Young*, 2009 Tex. App. LEXIS 7497. In Texas, the subject matter jurisdiction of courts derives solely from the Texas Constitution and state statutes. Federal courts are courts of limited jurisdiction, and they may only hear cases authorized by the Constitution or federal statutes. When a federal court lacks subject

matter jurisdiction, the case must be remanded to state court *In re Haynes & Boone*, 376 S.W.3d 839.

## Legal Standard for Diversity Jurisdiction

Diversity jurisdiction in federal courts refers to the authority of federal courts to hear cases where the parties are citizens of different states or where one party is a citizen of a foreign state, provided that the amount in controversy exceeds $75,000, exclusive of interest and costs. This jurisdiction is codified under 28 U.S.C. § 1332(a) and is one of the grounds for federal court jurisdiction. The purpose of diversity jurisdiction is to provide a neutral forum for parties from different states or countries, avoiding potential bias in state courts *Mitchell v. Tex. Dep't of Family & Protective Servs.*, 649 S.W.3d 795, § 236.23 Procedural Considerations, § 14.13 Removal to Federal Court.

## Federal Jurisdiction and Removal

Under 28 U.S.C. 1447(c), if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded *In re Haynes & Boone*, 376 S.W.3d 839. Furthermore, once a case is remanded, the state court regains jurisdiction to proceed § 63.03 Operation and Effect of Removal. The removal process is governed by 28 U.S.C. 1446, which requires the defendant to file a notice of removal in the federal district court and notify the state court and adverse parties *Hilton v. NBC Bank-Heights*, 1998 Tex. App. LEXIS 1810, *Crear v. U.S. Bank Nat'l Ass'n*, 2015 Tex. App. LEXIS 2417. However, removal is not discretionary, and the federal court must remand the case if it lacks jurisdiction or if there is a procedural defect in the removal § 63.03 Operation and Effect of Removal. *HBA E. Ltd. v. Jea Boxing Co.*, 796 S.W.2d 534

## Remaining Claims and Defendant Outside Federal Jurisdiction

The Plaintiff argues that the remaining claims and Defendant Kensington are outside the federal court's subject matter jurisdiction. Federal jurisdiction is generally based on either a federal question or diversity of citizenship. In this case, there is no indication that the remaining claims involve a federal question or meet the requirements for diversity jurisdiction under 28 U.S.C. 1332(a), which requires complete diversity and an amount in controversy exceeding $75,000 § 32.12 Defendant's Response to Citation *In re Rosewood Private Invs. Inc.*, 2018 Tex. App. LEXIS 6915. Without a basis for federal jurisdiction, the federal court must remand the case to state court.

## Judicial Economy and Comity

The Supreme Court has held that when all federal claims are eliminated before trial, the balance of factors such as judicial economy, convenience, fairness, and comity typically favors remanding the remaining state-law claims to state court *Engstrom v. First Nat'l Bank*, 936 S.W.2d 438 *Motient Corp. v. Dondero*, 269 S.W.3d 78. This principle was articulated in *Carnegie-Mellon Univ. v. Cohill*, where the Court emphasized the importance of allowing state courts to resolve state-law claims in the absence of federal jurisdiction *Engstrom v. First Nat'l Bank*, 936 S.W.2d 438, *Motient Corp. v. Dondero*, 269 S.W.3d 78. In this case, the remaining claims are state-law claims, and there has been no substantial commitment of judicial resources in federal court. Therefore, remand is proper.

**A.  Plaintiff's remaining claims against Defendant Kensington are valid and enforceable**

Plaintiff's remaining claims against Defendant Kensington in the case before the court deal with trespass to try title under the Texas Property Code.[1] The Defendant is a junior lienholder not

---

[1] A trespass to try title action is the method of determining title to lands, tenements, or other real property. Tex. Prop. Code Ann. §22.001(a)(West 2000).

4

a superior lienholder to the property in question. The Plaintiff is still paying and is current on the mortgage for the property in dispute.

In Texas, a trespass to try title action is the appropriate legal method to resolve disputes over the title and possession of real property. By being current with the senior lienholder, the Plaintiff's title and right to possession of the property are superior to those of the junior lienholder who purchased the junior lien at a foreclosure sale. The foreclosure of a junior lien does not terminate the senior lienholder's interest, and the purchaser at the junior lienholder's foreclosure sale takes the property subject to the senior lien *Riner v. Neumann*, 353 S.W.3d 312, *Bankers Home Bldg. & Loan Ass'n v. Wyatt*, 139 Tex. 173, *Manning v. Green*, 56 Tex. Civ. App. 579.

Thus, if the issue of possession is intertwined with a genuine issue of title, such as a claim of wrongful foreclosure, the justice court and county court at law lack jurisdiction, and the matter must be resolved in a district court *Aguilar v. Weber*, 72 S.W.3d 729, *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, *Terra XXI, LTD. v. Ag Acceptance Corp.*, 280 S.W.3d 414. For example, in *Aguilar v. Weber*, 72 S.W.3d 729, the court found that the case involved a right to possession dependent on a contract for deed, thus depriving the lower courts of jurisdiction *Aguilar v. Weber*, 72 S.W.3d 729. Similarly, in *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, the court noted that the justice and county courts lacked jurisdiction because the title issue was intertwined with the issue of possession *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277.

The junior lienholder does not have the right to redeem the property from the senior lienholder until they have **first foreclosed their own lien and purchased the equity of redemption under such foreclosure** *Davis v. Walker*, 233 S.W. 521.[2] This means that the junior lienholder

---

[2] A junior lienholder can initiate a forcible detainer action however their ability to evict the property owner is contingent upon first foreclosing their own lien and addressing the senior lienholder's superior rights *Davis v. Walker*, 233 S.W. 521, *Elbar Invs., Inc. v. Wilkinson*, 2003 Tex. App. LEXIS 8182, *Jones v. Bank United of Tex.*, 51 S.W.3d 341.

must first go through the process of foreclosing their lien before they can take any action to redeem the property from the senior lienholder.

Furthermore, the holder of a junior lien, after purchasing the property under foreclosure of their lien, has the right to redeem the property from prior liens by paying the amount of the prior lien debts *SLAY v. GOSE*, 233 S.W. 348. This means that the ***junior lienholder must satisfy the senior lien to take full possession of the property***, which they cannot do if the homeowner is current on their mortgage with the senior lienholder.

When a junior lien is purchased at foreclosure sale, the purchaser becomes the new junior lienholder. The new junior lienholder does not however, automatically become the landlord or acquire the rights of a landlord if there is a senior lienholder in good standing. Under Texas common law, foreclosure does not terminate interests in the foreclosed property that are senior to the lien being foreclosed. Consequently, the purchaser at a junior lien foreclosure sale takes title subject to the prior liens and must service the prior liens to prevent loss of the property by foreclosure of the prior liens *DTND Sierra Invs., LLC v. Deutsche Bank Nat'l Trust Co.*, 2013 Tex. App. LEXIS 10460, *402 Lone Star Prop., LLC v. Bank of Am., N.A.*, 2014 Tex. App. LEXIS 8758. Nor does the new junior lienholder have the rights of a landlord under Section 24 of the Texas Property Code if there is a senior lienholder in good standing. Additionally, the Texas Property Code § 24. 005(b) specifies the notice requirements for tenants at will or by sufferance, but it does not confer landlord rights to a junior lienholder in the presence of a senior lienholder Sec. 24.005. Notice to Vacate Prior to Filing Eviction Suit.

## Conclusion

For the foregoing reasons, the Plaintiff respectfully requests that the court grant the motion to remand the case back to state court and deny Defendant Kensington's motion to dismiss the

case with prejudice. A remand is necessary as the federal court lacks subject matter jurisdiction over the Plaintiff's remaining claims and Defendant Kensington. Granting the Plaintiff's motion to remand is necessary to ensure compliance with the principles of federalism and judicial economy.

Respectfully Submitted,

/s/ *Ray L. Shackelford*
Ray L. Shackelford
SBN: 18071500
1406 Southmore Blvd.
Houston, TX 77004
Phone: (713)520-8484
Fax:    (713)520-8192
rshackctic@yahoo.com
**Attorney for Plaintiff**

## CERTIFICATE OF SERVICE

I, Ray Shackelford, do hereby certify that a true and correct copy of the foregoing instrument has been served to all parties shown below, under the Texas Rules of Civil Procedure, via certified mail return receipt requested on this 13th day of March, 2025.

/s/ *Ray L. Shackelford*
Ray Shackelford